

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Grace Solis
    Plaintiff,

v.
                           Case No.
                           15-cv-23332-Cooke/Torres
SYNCHRONY BANK f/k/a
GE CAPITAL RETAIL BANK
    Defendant

### VERIFIED COMPLAINT

COMES NOW, the Plaintiff, Grace Solis, brings this action against the Defendant SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK ("SYNCHRONY") or ("Defendant"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendants' violations of the Florida Consumer Collection Practices Act Fla. Stat., §§ 559.55-559.785 ("FCCPA") and for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular phone in an attempt to collect an alleged debt in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or

1

any artificial or prerecorded voice -- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio_common carrier service, or any service for which the called party is charged for the call". 47_U.S.C. §227(b)(1)(A).

## JURISDICTION AND VENUE

5.   Jurisdiction of this Court arises under 47 U.S.C. § 227, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

6.   Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.  Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7.   This is an action for damages which exceed $75,000.

## PARTIES

8.   Plaintiff, Grace Solis, is a natural person and is a resident of the State of Florida.  Plaintiff is a consumer as that term is defined by the FCCPA §559.55(2) and FDCPA 15 U.S.C. §1692a (3).

9.   Defendant, SYNCHRONY BANK (SYNCHRONY), is a federally chartered savings bank with a home office located at 170 West Election Road, Suite 125, Draper, Utah 84020, is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by Fla. Stat. § 559.77

## GENERAL ALLEGATIONS

10. At all times relevant to this Complaint, SYNCHRONY  was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §

559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. At all times relevant to this Complaint, SYNCHRONY owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications.  47 U.S.C. § 153(14).

12. At all times relevant to this Complaint, SYNCHRONY engaged in "telecommunications" as defined by the TCPA.  47 U.S.C. § 153(50).

13. At all times relevant to this Complaint, SYNCHRONY engaged in "interstate communications" as defined by the TCPA.  47 U.S.C. § 153(28).

14. At all times relevant to this Complaint, SYNCHRONY has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce.  47 U.S.C. § 153(59).

15. At all times relevant to this Complaint, SYNCHRONY has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA.  47 U.S.C. § 227(a) (1) and 47 C.F.R. 64.1200(f) (1).

16. The Plaintiff is a "consumer" as that term is defined by Florida Statutes § 559.55(2), and/or a person with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of those Acts.

17. At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(39).

18. At all times material hereto, the debt in question was a "debt" as said term is defined by Florida Statute § 559.55(1).

19. Defendant is a "creditor" as that term is defined under and Fla. Stat. § 559.55(3).

20. Upon information and belief, SYNCHRONY by and through its through its_agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone.

21. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a prerecorded or artificial voice prior to Defendant's placements of the calls.

22. Plaintiff was damaged by these illegal calls.  Her privacy was improperly invaded she was forced to spend time tending to unwanted calls.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency_purposes" as specified in 47 U.S.C. §227(b) (1) (A).

## FACTUAL ALLEGATIONS

24. Beginning on or around May 2014, on several occasions Plaintiff verbally disputed the amount owed on a JCP credit card with JCP's customer service department.  Plaintiff and the customer service department were unable to arrive at a resolution.

25. On June 21, 2014, Defendant received Plaintiff's dispute and do not call letter via certified mail (Exhibit A).

26. On June 26, 2014 at about 1:37pm, Plaintiff answered Defendant's call and there was a pause before Defendant answered (Ex. B).

27. SYNCHRONY continued to call Plaintiff's cell phone from telephone numbers 800-527-3369 and 800-542-0800 (Ex. C through D).  Plaintiff did not consent to these calls.

28. SYNCHRONY continued to call Plaintiff's cell phone from 330-433-5966 (Ex. E). Plaintiff did not consent to these calls.

29. These phone numbers are known to be numbers used by the Defendant in debt collection calls to consumers using an automatic telephone dialing system with the capacity to store or produce telephone numbers to be called and using a random or sequential number generator to dial such numbers.

30. For a period of several months, Defendant called Plaintiff almost daily, up to four times a day.

31. To Plaintiff's knowledge, Defendant called Plaintiff at least seventy-five times between the dates of June 21, 2014 through July 22, 2014.  There may have been other calls, which will be revealed through the discovery process.

32. Defendant left several automated voice messages on Plaintiff's cell phone.

33. Plaintiff revoked her consent to be called by Defendant via her do not call letter.

34. All of the above calls to Plaintiff were made without Plaintiff's consent and in connection with the collection of an alleged consumer debt.

35. Each call harassed, annoyed and irritated Plaintiff because she had to spend time looking at her cell phone to identify the caller.

36. Each call is a separate, unique, and distinct incident.

37. Plaintiff attempted to settle these matters with Defendant prior to bringing this action.

38. Defendant's counsel received copies of the phone calls and copies of the automated voice messages on August 3, 2015 via www.wetransfer.com.

## COUNT I - VIOLATION OF TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) BY DEFENDANT SYNCHRONY BANK

39. Plaintiff re-alleges, repeats, and incorporates by references paragraphs 1 to 38.

40. Defendant SYNCHRONY placed seventy-five non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227(b) (1) (A) (iii).  The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

a.  "… means equipment which has the capacity –

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers."

41. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

42. Plaintiff did not give express consent to SYNCHRONY to contact her via her cellular phone.

43. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b) (1) (A) (iii) by using an automatic telephone dialing system to call Plaintiff's cell phone after receiving her do not call letter.

44. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)(iii) by calling Plaintiff's phone number, which is assigned to a cellular telephone service contrary to 47 U.S.C. § 227(b)(1)(A)(iii) which states in part:

(1)      PROHIBITIONS.—it shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—
to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

b.       (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

45. The TCPA provides a private right of action as stated in 47 U.S.C. §227(b)(3)B:

(3) **Private right of action**

    (A) A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

    (B) an action based on a violation of this subsection or the regulations prescribed under subsection to enjoin such violation,

    (C) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (D) both such actions. If the court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the available under subparagraph (B) of this paragraph.

46. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

47. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

48. Defendant through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b) (1) (A) (iii).

49. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged.

50. SYNCHRONY called Plaintiff's cell phone approximately seventy-five times in one month without Plaintiff's express consent.

WHEREFORE, Plaintiff demands judgment for damages against Defendant SYNCHRONY BANK, pursuant to 47 U.S.C. § 227 in the amount of $500.00 for the first call and $1,500.00 per call for each and every successive call thereafter as knowing and willful violations of the TCPA, and for such other and further relief as justice may require.

### COUNTS II – LXXIX - VIOLATION OF FCCPA, FLA. STAT. § 559

51. Plaintiff re-alleges, repeats and incorporates by reference paragraphs 1 through 50.

52. Defendant violated § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the debtor and his family, and willfully engage in other conduct which can reasonably be expected to abuse and harass the debtor and his family. Defendant called Plaintiff's cell phone seventy-five times during the span of one month despite receiving her do not call letter, which harassed, irritated and annoyed Plaintiff.

53. By continuing to contact Plaintiff despite having actual knowledge that Plaintiff did not consent to be called, by using automatic telephone dialing equipment to call Plaintiff's cellular telephone, calling her at least seventy-five times in a one-month period and by communicating with Plaintiff in a manner reasonably expected to harass Plaintiff. Defendant's behavior resulted in the natural consequence of harassing Plaintiff in violation of Fla. Stat.§ 559.72(7).

54. Each call is a separate FCCPA violation and a separate count in this lawsuit.

8

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant SYNCHRONY BANK pursuant to Fla. Stat. § 559.77(2) for actual damages, statutory damages, fees and costs and any further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge.  I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted this 3rd day of September 2015.

Grace Solis
*Pro Se*
730 86th Street
Miami Beach, FL  33141

9

# EXHIBIT A

730 86th Street
Miami Beach, FL  33141


June 9, 2014


GECRB/JCP
PO Box 960090
Orlando, FL  32896-0090

Via Certified Mail #7011 3500 0002 2167 1400

Re:  Account #086 346 570 41

To Whom It May Concern:

     I spoke to your customer service on June 5 or June 6, 2014 at 800-527-3369.  I disputed the amount owed with your customer service.  They would not provide any credit to this account.

     I dispute the amount owed.  Do not call my phone.  All future communications to me will be in writing.

Sincerely,

Grace Solis

English     Customer Service     USPS Mobile                                    Register / Sign In



# USPS Tracking™



Customer Service ›
Have questions? We're here to help.

Tracking Number: **70113500000221671400**

Updated Delivery Day: **Monday, June 23, 2014**

## Product & Tracking Information

| Postal Product: | Extra Svc: |
|---|---|
| First-Class Mail® | Certified Mail™ |

## Available Actions

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 21, 2014 , 4:59 pm | Delivered | ORLANDO, FL 32896 |

Your item was delivered at 4:59 pm on June 21, 2014 in ORLANDO, FL 32896.

| | | |
|---|---|---|
| June 21, 2014 , 1:39 pm | Available for Pickup | ORLANDO, FL 32896 |
| June 21, 2014 , 11:58 am | Arrived at Unit | ORLANDO, FL 32862 |
| June 17, 2014 , 9:10 pm | Departed USPS Facility | ORLANDO, FL 32862 |
| June 17, 2014 , 1:06 pm | Arrived at USPS Facility | ORLANDO, FL 32862 |
| June 16, 2014 , 11:27 pm | Departed USPS Facility | MIAMI, FL 33152 |
| June 16, 2014 , 10:27 pm | Arrived at USPS Facility | MIAMI, FL 33152 |
| June 16, 2014 , 6:42 pm | Departed Post Office | MIAMI BEACH, FL 33141 |
| June 16, 2014 , 3:37 pm | Acceptance | MIAMI BEACH, FL 33141 |

## Track Another Package

Tracking (or receipt) number

Track It

HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT.USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER US
Business (
Postal Insp
Inspector
Postal Ex
National P
Resources



4/20/2015 6:11 P

# **EXHIBIT B**



**<u>EXHIBIT C</u>**



# **EXHIBIT D**



# EXHIBIT E

